# UNITED STATES of America, Plaintiff–Appellee,

v.

## Joshua EDIGIN, aka Gregory Lee Long Defendant–Appellant.

### No. 01–10138.

United States Court of Appeals, Ninth Circuit.

Submitted April 30, 2001.**

Decided May 15, 2001.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM *

Joshua Edigin pleaded guilty to illegally reentering the United States, 8 U.S.C. § 1326, and making false statements to secure a passport, 18 U.S.C. § 1542. He argues that the district court erred by not departing downward from the sentencing guideline range to account for the time he spent in INS custody prior to his federal prosecution. We dismiss for lack of jurisdiction.

DISCUSSION

A district court's discretionary decision not to depart is nonreviewable. *See United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2001). Edigin contends, however, that the district court did not exercise its discretion, but rather the court erroneously concluded that it did not have the legal authority to depart on the requested ground. *See United States v. Rodriguez–Lopez*, 198 F.3d 773, 775 (9th Cir.1999) (noting that court's ruling that it lacks legal authority to depart is a reviewable decision).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The record does not support Edigin's contention. The district court expressly stated that it found "no reason to depart from the sentence called for by application of the guidelines." The sentencing transcript indicates that the district court fully explored Edigin's request and simply concluded that the circumstances did not warrant the departure. In such cases, we lack jurisdiction to review the denial of a defendant's request for departure. *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1064–65 (9th Cir.2000); *United States v. Lipman,* 133 F.3d 726, 731 (9th Cir.1998). Accordingly, we dismiss Edigin's appeal for lack of jurisdiction.

APPEAL DISMISSED.